UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24261-BLOOM/Otazo-Reyes

IVORY ROBINSON,

    Plaintiff,

v.

ZURICH AMERICAN
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff Ivory Robinson ("Plaintiff") originally filed this action on August 31, 2020, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1] ("Complaint"). On October 6, 2020, Defendant Zurich American Insurance Company ("Defendant") removed the case to federal court on the basis of diversity jurisdiction. ECF No. [1] ("Notice"). The Court has carefully reviewed the Notice, the underlying Complaint, the record in this case, the applicable law, and is otherwise fully advised.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

Case No. 20-cv-24261-BLOOM/Otazo-Reyes

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). In determining whether subject-matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *see also Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939))).

Furthermore, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)). Accordingly, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also Lexington-Fayette Urban Cty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816-17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." (citation omitted)). As such, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

Case No. 20-cv-24261-BLOOM/Otazo-Reyes

The Notice in the instant action states that subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a) on the basis of the parties' diversity of citizenship. ECF No. [1] ¶ 4. Specifically, the Notice states that Plaintiff is a resident of Florida. *Id.* ¶ 5. Further, the Notice alleges that Defendant is a New York corporation that has its principal place of business in Illinois. *Id.* ¶ 7. Thus, Defendant maintains that the parties are diverse.

Additionally, although the Complaint only alleges damages in excess of $30,000.00, ECF No. [1-3] ¶ 1, Defendant contends that "the amount in controversy is $1,000,000.00" based on the available policy coverage amount, ECF No. [1] ¶ 9. Remarkably, however, Defendant provides no documents or explanation to support the alleged $1,000,000.00 amount in controversy. *See generally id.* Moreover, a review of the Complaint reveals that no such amount is demanded in the pleading. *See* ECF No. [1-3]. That Plaintiff demands to be fully compensated based on the insurance policy does not mean that Plaintiff is demanding or entitled to the full amount covered under the policy. Defendant's Notice falls short of meeting its burden of establishing the amount in controversy. *See Pretka*, 608 F.3d at 752. The Court therefore concludes that it does not have subject-matter jurisdiction over the instant action and that remand is appropriate here. *See Family Meat, Inc.*, 2019 WL 8160417, at *2 (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

Case No. 20-cv-24261-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, October 19, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record